FILED
APR 24 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS-WILLIAM HYSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0643** |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| d/b/a UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The plaintiff alleges that "his flesh-and-blood mother was induced through fraud to register her biological property[, the plaintiff,] with the State of California and to file an application for a social security number." Compl. at 2. In this way, the plaintiff asserts, a "legal fiction, artificial person was created as an agent (U.S. Citizen) of the corporate United States government to engage in commerce and collect revenue for the governments, federal, state and local." *Id.* The plaintiff declares himself a sovereign entity, and "adjure[s], renounce[s], forsake[s], and disavow[s] utterly and absolutely now and forever all presumptions of power, authority or right of the . . . United States [and the] State of California . . . over the Rights . . . of this Sovereign from whatever source presumed or derived." *Id.* He demands the "release of all property being held by the defendants," and a declaration of his "Diplomatic Immunity." *Id.* at 10.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed the plaintiff's complaint, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: April 14, 2012

/s/ Colleen Kollar-Kotelly
United States District Judge